IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEBBIE ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DIVERSIFIED CONSULTANTS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, DEBBIE ALLEN, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, DIVERSIFIED CONSULTANTS, INC., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. DEBBIE ALLEN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Benton Harbor, County of Berrien, State of Michigan.

5. The debt that Plaintiff allegedly owed was for the personal use of Plaintiff and/or used for household expenditure.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. DIVERSIFIED CONSULTANTS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant is incorporated in the State of Florida.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.  ALLEGATIONS

13. In early February of 2014, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that she was calling to collect the Debt from Plaintiff, that had previously been reduced to a judgment.

14. During the course of a telephone call between Defendant and Plaintiff, Plaintiff told the Defendant's representative that she was experiencing health problems and was unable to make any payment or arrangement for payment at that time. Plaintiff requested that the caller return in a few months to see if Plaintiff's circumstances changed.

15. Approximately one (1) week after the aforementioned call, Plaintiff received another call from the same representative of Defendant.

16. Plaintiff advised the caller that it was too soon to try again, and that Plaintiff just had surgery and was not feeling well.

17. Defendant then and there told Plaintiff that this debt was now a judgment against Plaintiff and if she did not make arrangements to pay this debt, they would begin garnishment proceedings.

18. Plaintiff advised Defendant that she did not believe Defendant had any right to garnish any of Plaintiff's income because her income was made up entirely of social security disability payments.

19. Defendant then and there stated to Plaintiff that for a regular debt, they would not be able to garnish the social security income, but since this was a judgment, they will be able to garnish Plaintiff's income.

20. Pursuant to Subchapter II of the Social Security Act, 42 U.S.C. § 407, which governs the "Federal Old-Age Survivors, and Disability Insurance Benefits", "none of the moneys paid or payable or rights existing under this title shall be subject to execution, levy, attachment, garnishment, or other legal process…" 42 U.S.C. § 407(a).

21. Pursuant to the aforesaid section of the Social Security Act, it is unlawful for a private creditor to garnish a recipient's social security disability income.

22. Defendant's threat to garnish Plaintiff's social security disability income was false, deceptive, and/or misleading.

23. Defendant's threat to garnish Plaintiff's social security disability income constituted a threat to take action that cannot legally be taken.

24. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

   c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

25. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.  JURY DEMAND

26. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DEBBIE ALLEN, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

          Respectfully submitted,
          **DEBBIE ALLEN**

        By: s/ Larry P. Smith
          Attorney for Plaintiff

Dated: April 25, 2014

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 324-3532
Facsimile: (888) 418-1277
E-Mail: lsmith@smithmarco.com